UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICKSON'S FLOORING & SUPPLY CO.,
INC.,

    Plaintiff,

v.

BASIC COATINGS, INC.,
THE ATLAS COMPANIES, INC.,
and NELS INGEBRIGTSEN,

    Defendants.
_____/

Case No. 04-74990
Hon. Gerald E. Rosen

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION AND
MOTION TO CONFIRM CONTEMPT

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on     July 23, 2008

    PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

INTRODUCTION

This action alleging violations of the Sherman Act, the Robinson-Patman Act, and various state law claims was dismissed by an Opinion and Order and Judgment granting Defendants' Motion for Summary Judgment on September 28, 2007 (amended by Amended Opinion and Order on October 15, 2007). The matter is presently before the Court on Plaintiff Erickson's Flooring and Supply Company's November 2, 2007 Motion

1

for Reconsideration and its February 28, 2008 Motion to Confirm Contempt Against Defendants and Non-Party Betco, Inc.

FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2003, Plaintiff Erickson's Flooring & Supply Co., Inc. ("Erickson's") brought suit against Defendants Basic Coatings, Inc., Basic's parent corporation, The Atlas Companies, Inc., Erickson's Decorating Products, Inc. (which has no affiliation with Plaintiff), and Nels Ingebrigtsen, who was once an employee of Basic, alleging violations of the Sherman Act, the Robinson-Patman Act, and various state law claims for business libel and slander, detrimental reliance, breach of contract, unfair competition, unjust enrichment, misrepresentation, and tortious interference with contractual relationships and advantageous business expectancies. [*See Erickson's Flooring & Supply Co, Inc. v. Basic Coatings, Inc., et al.,* E.D. Mich. No. 03-73736]. On March 24, 2004, this 2003 action was dismissed, without prejudice, for lack of prosecution.

Nine months later, on December 22, 2004, Erickson's re-filed their Complaint. Defendants responded to Plaintiff's Complaint by way of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. At a scheduling conference held on March 7, 2005, the Court advised Defendants that it deemed their motion for dismissal premature and ordered discovery.

After the close of the discovery period, Defendants moved for summary judgment on April 28, 2006. Plaintiff argued in response to Defendants' motion that it was unable

to provide evidence to support its claims because of Defendants' failure to comply with various discovery requests and, at the same time, moved to hold Defendants in contempt for failure to produce records that had been duly subpoenaed and/or which defendants had been previously ordered to produce. After hearing Plaintiff's contempt motion, on September 8, 2006, the Court ordered that Defendants and Betco, Inc., Basic's successor-in-interest, be held in contempt until they produced the requested records.

On September 8, 2006, Defendants delivered to Plaintiff 164 boxes of documents. Plaintiff acknowledged receipt of the documents in an October 24, 2006 report to the Court but asked that the Court continue to hold Defendants and Betco in contempt until it could ascertain whether the documents produced were responsive to its discovery various requests. The Court never heard back from Plaintiff on either the request for continued contempt or on the motion for summary judgment. Therefore, on September 28, 2007 -- after Defendants' motion for summary judgment had been pending for more than 17 months and more than a year after Defendants provided Plaintiff with the discovery ordered by the Court -- the Court entered its Opinion and Order Granting Defendants' Motion for Summary Judgment based upon the record evidence that had been provided to the Court as of that date. An Amended Opinion and Order was subsequently entered on October 16, 2007.[1]

---

[1] There were no substantive changes made in the Amended Opinion and Order. The Court merely added two sentences to the Introduction section of the Opinion. [*See* Amended Opinion and Order, p. 3, lines 5-10.]

On November 2, 2007, Plaintiff moved for reconsideration of the Court's Order and Judgment of dismissal pursuant to E.D. Mich. Local Rule 7.1(g) and Fed. R. Civ. P. 59(e). Plaintiff argues that the Court should reconsider and vacate its summary judgment ruling based upon "newly discovered" evidence.

## DISCUSSION

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> (1) *Time*. A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
>
> * * *
>
> (3) Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Pursuant to this rule, in order to prevail on a timely motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, they must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).]

However, a motion that merely presents the same issues already ruled upon by the

4

Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). On the other hand, the Court need not consider issues raised for the first time in a motion for reconsideration that could and should have been raised previously. *Wardle v. Lexington-Fayette Urban County Government*, 45 Fed. Appx. 505, 511 (6th Cir. 2002). Furthermore, motions for reconsideration "cannot. . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency [of the motion on which the court ruled.]" *Marketing Displays, Inc. v. TraFix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997), citing *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Sixth Circuit has instructed that if a party files a motion for reconsideration within ten days of entry of the challenged order or judgment, the review of such a motion should be the same as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *see also Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Motions to amend or alter the judgment are matters "within the informed discretion of the district court, reversible only for abuse." *Id.* A court may grant a Rule 59(e) motion to alter or amend a judgment based upon: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff's motion for reconsideration in this case, however, was not filed within ten days of entry of either the original Opinion and Order and Judgment or the later filed

Amended Opinion and Order. Giving Plaintiff the benefit of the latest possible date, the Amended Opinion and Order is dated October 15, 2007 and was entered on the docket on October 16, 2007. To have been timely, Plaintiff's Motion for Reconsideration would have had to have been filed at the latest by October 30, 2007. Although weekends and holidays are excluded, Fed. R. Civ. P. 6(a)(2), the additional three-days allowed for service by mail provided in Fed. R. Civ. P. 6(d) [previously subsection (e)] does not apply to time periods that begin with the date of entry of a judgment or order. *See FHC Equities LLC v. MBL Life Assurance Corp*, 188 F.3d 678, 681-82 (6th Cir. 1999) (collecting cases); *Sunseri v. Proctor*, 2007 WL 1657407 (E.D. Mich., June 7, 2007); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), **59(b), (d), and (e)**, and 60(b), except as those rules allow." Emphasis added.) *Cf., Denley v. Shearson/American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1994) (holding that district courts are without power to enlarge the time for making Rule 59(e) motions; therefore, the fact that the district court ruled on the merits of the plaintiff's motion does not make the Rule 59(e) motion or plaintiff's appeal of the underlying order timely). Plaintiff's Motion, however, was not filed until November 2, 2007, three days too late. Because Plaintiff's Motion was not timely filed in accordance with Fed. R. Civ. P. 59(e) and L.R. 7.1(g)(1), the Court will not consider it.[2] Accordingly, Plaintiff's

---

[2] Even if the Court were to consider the merits of Plaintiff's motion, as indicated above, in requesting that the Court reconsider and vacate its Judgment, Plaintiff seeks to have the Court consider evidence never made part of the record which was provided by Defendants more than a year before the Court entered its Opinion and Judgment.

Motion for Reconsideration will be denied.

The Court will also deny Plaintiff's Motion to Confirm Contempt Against Defendants and Non-Party, Betco Corporation. The Court's September 8, 2006 Order finding Defendants Basic Coatings and The Atlas Companies, and Non-Party Betco Corporation in contempt specifically provided that these parties could purge the contempt by turning over the documents requested by Plaintiff in discovery by September 11, 2006. The records requested were produced on September 8, 2006, i.e., within eight days of the August 31, 2006 hearing when the Court verbally ordered production of the documents.

Plaintiff now complains that the documents were not "properly produced" because they were not produced in an organized fashion and the records produced included duplicate records and some irrelevant material. The Court, however, did not specify any particular manner for production of the documents. Fed. R. Civ. P. 34(b)(2) provides, in relevant part, "Unless otherwise stipulated or ordered by the court. . . [a] party must

---

Plaintiff, however, has failed to provide a sufficient reasons why it did not present this evidence earlier. Plaintiff merely argues that the discovery provided by Defendants in September 2006 consisted of more than 150 banker's boxes of unorganized records [Plaintiff previously reported that it received 164 boxes of records but in this motion and in its motion to confirm contempt, it now maintains that it received 156 boxes] and that it took a lot of time for Plaintiff's counsel's staff to sort through them. Nonetheless, the records were in Plaintiff's possession for more than a year. Even if Plaintiff were only able to go through one box of records per day, it would not have taken an entire year to do so. Simply stated, the evidence Plaintiff seeks to rely upon is not such "newly discovered evidence" entitling Plaintiff to reconsideration of the Court's September 28 and October 15, 2007 Orders and Judgment.

produce documents as they are kept in the usual course of business <u>or</u> must organize and label them to correspond to the categories in the request." (Fed. R. Civ. P. 45, governing production of documents by non-parties, has a similar provision. *See* Fed. R. Civ. P. 45(d)(1)(A).) Plaintiff argues that, pursuant to this Rule, Defendants and Betco had an obligation to sort, organize and label all of the documents produced on September 8, 2006.

      Defendants have submitted to the Court the sworn Affidavit of Timothy Nackowicz, one of Betco's attorneys, who along with his co-counsel and a paralegal traveled to BCI/Betco's former facility in Des Moines, Iowa, and along with several Betco employees searched the facility on September 4, 2006 for all documents that appeared responsive to Plaintiff's discovery requests. Mr. Nackowicz states in his affidavit that they found numerous boxes of unsorted but apparently responsive documents that were disintegrating. [Nackowicz Aff., ¶¶ 14-15]. Significant amounts of documents were also found in abandoned desk drawers and file cabinets. *Id.* at ¶ 15. While some of these records were found to be stored in an organized fashion, a great deal of material was not stored in any recognizably organized manner. *Id.* Given that Defendants barely had a week to comply with the Court's order and given that the Court gave no specific directive that the records be organized or sorted, the Court is not persuaded that the production of documents in the form that they were maintained by

Defendants warrants a continued contempt finding.[3]

Mr. Nackowicz further states in his affidavit after the documents were transferred from the locations where they were found in the Des Moines facility into 164 banker's boxes and shipped by a truck to Plaintiff's facility, Nackowicz personally traveled from his Ohio office to Plaintiff's Michigan facility on September 8 and again on September 11, 2006 to insure that the entire shipment of documents had arrived. *Id.* at ¶¶ 17-19. Nackowicz further states that he also followed up with Plaintiff's counsel several times thereafter to offer further assistance regarding the document production. *Id.* at ¶ 20. Betco's lead counsel, Reginald Jackson, subsequently wrote a letter to Plaintiff's counsel inquiring about the status of Plaintiff's review of the records and inquired whether any further documents or information were needed. [*See* Betco's Ex. 3, 9/2/07 letter to Plaintiff's attorney, Cindy Victor]. Neither Plaintiff nor its counsel ever responded to Mr. Nackowicz's or Mr. Jackson's inquiries. Nor did Plaintiff ever contact Betco's or Defendants' attorneys, *or the Court*, to suggest that the document production was

---

[3] The Court further notes that Plaintiff's document requests themselves were extremely broad and in no way tailored in a manner suggesting that responses could be specifically organized. For example, Plaintiff's Request No. 31 asked for "all documents relating to the relationship between Plaintiff and the BCI defendants from 1992 to present" and Request No. 33 asked for "all documents relating to the relationship between the BCI defendants and [former defendant] Erickson Decorating from 1992 to present." In other words, Plaintiff requested over 15 years of documents "relating to the relationship" between Plaintiff and the Defendants. Similarly, Request No. 31 requested production of "all correspondence, including email correspondence, between Erickson's and the BCI defendants from 1992 to present and all correspondence between Erickson's Decorating and the BCI defendants from 1992 to present."

deficient in any way. Plaintiff does not dispute any of this.

Plaintiff nonetheless contends that Defendants deliberately produced the documents in an unorganized fashion and were deliberately over-inclusive in their document production in order to obstruct Plaintiff's discovery. However, Plaintiff has no evidentiary support for these contentions. The Court will not confirm contempt on the bare allegations of counsel.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's Amended Memorandum and Order Granting Defendants' Motion for Summary Judgment **[Dkt. # 72]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Confirm Contempt and for Sanctions against Basic Coatings, The Atlas Companies and Betco, Inc. **[Dkt. # 74]** is DENIED.

The Court further finds that the Contempt finding entered by the Court against Basic Coatings, the Atlas Companies and Betco, Inc. on September 8, 2006 is PURGED and the Court's Order finding these parties in contempt is VACATED.

s/Gerald E. Rosen
United States District Judge

Dated: July 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2008, by electronic and/or ordinary mail.

10

s/LaShawn R. Saulsberry
Case Manager