UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICKSON'S FLOORING & SUPPLY CO.,
INC.,

    Plaintiff,

v.

Case No. 04-74990
Hon. Gerald E. Rosen

BASIC COATINGS, INC.,
THE ATLAS COMPANIES, INC.,
and NELS INGEBRIGTSEN,

    Defendants.
_____/

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     October 30, 2008

        PRESENT: Honorable Gerald E. Rosen
                        United States District Judge

INTRODUCTION

      This action alleging violations of the Sherman Act, the Robinson-Patman Act, and various state law claims was dismissed by an Opinion and Order and Judgment granting Defendants' Motion for Summary Judgment on September 28, 2007 (amended by Amended Opinion and Order on October 15, 2007). The matter is presently before the Court on Plaintiff Erickson's Flooring and Supply Company's September 19, 2008 Fed. R. Civ. P. 60(b) Motion for Relief from Judgment.

1

## PERTINENT FACTS

On September 26, 2003, Plaintiff Erickson's Flooring & Supply Co., Inc. ("Erickson's") brought suit against Defendants Basic Coatings, Inc., Basic's parent corporation, The Atlas Companies, Inc., Erickson's Decorating Products, Inc. (which has no affiliation with Plaintiff), and Nels Ingebrigtsen, who was once an employee of Basic, alleging violations of the Sherman Act, the Robinson-Patman Act, and various state law claims for business libel and slander, detrimental reliance, breach of contract, unfair competition, unjust enrichment, misrepresentation, and tortious interference with contractual relationships and advantageous business expectancies. [*See Erickson's Flooring & Supply Co, Inc. v. Basic Coatings, Inc., et al.,* E.D. Mich. No. 03-73736]. On March 24, 2004, this 2003 action was dismissed, without prejudice, for lack of prosecution.

Nine months later, on December 22, 2004, Erickson's re-filed their Complaint. Defendants responded to Plaintiff's Complaint by way of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. At a scheduling conference held on March 7, 2005, the Court advised Defendants that it deemed their motion for dismissal premature and ordered discovery.

After the close of the discovery period, Defendants moved for summary judgment on April 28, 2006. Plaintiff argued in response to Defendants' motion that it was unable to provide evidence to support its claims because of Defendants' failure to comply with various discovery requests and, at the same time, moved to hold Defendants in contempt

for failure to produce records that had been duly subpoenaed and/or which defendants had been previously ordered to produce. A hearing was held on Plaintiff's contempt motion on August 31, 2006, and at the conclusion of this hearing, the Court verbally ordered that Defendants and Betco, Inc., Basic's successor-in-interest, produce the requested documents and further ordered that they be held in contempt until they produced the records. On September 8, 2006, an Order reflecting the Court's bench ruling was entered.

Eight days after being verbally ordered to produce the records requested, on September 8, 2006, Defendants delivered to Plaintiff 164 boxes of documents. Plaintiff acknowledged receipt of the documents in an October 24, 2006 report to the Court but asked that the Court continue to hold Defendants and Betco in contempt until it could ascertain whether the documents produced were responsive to its discovery various requests. The Court never heard back from Plaintiff on either the request for continued contempt or on the pending motion for summary judgment. Therefore, on September 28, 2007 -- after Defendants' motion for summary judgment had been pending for more than 17 months and more than a year after Defendants provided Plaintiff with the discovery ordered by the Court -- the Court entered its Opinion and Order Granting Defendants' Motion for Summary Judgment based upon the record evidence that had been provided to the Court as of that date. An Amended Opinion and Order was subsequently entered on

October 16, 2007.[1]

On November 2, 2007, Plaintiff moved for reconsideration of the Court's Order and Judgment of dismissal pursuant to E.D. Mich. Local Rule 7.1(g) and Fed. R. Civ. P. 59(e). Plaintiff argued that the Court should reconsider and vacate its summary judgment ruling based upon "newly discovered" evidence.

The Court denied Plaintiff's motion in a Memorandum Opinion and Order entered on July 23, 2008 finding that Plaintiff's motion for reconsideration was not timely filed in accordance with Fed. R. Civ. P. 59(e) and E.D. Mich. L.R. 7.1(g)(1). The Court further noted that even if it were to consider the merits of the motion, it would deny the relief requested because Plaintiff wanted the Court to consider evidence that had been provided to it more than a year before the Court entered the Summary Judgment Opinion and Order and Judgment, and as such, the evidence was not "newly discovered." As the Court explained in its July 23, 2008 Memorandum Opinion and Order:

> Plaintiff. . . has failed to provide sufficient reasons why it did not present this evidence earlier. Plaintiff merely argues that the discovery provided by Defendants in September 2006 consisted of more than 150 bankers' boxes of unorganized records . . . and that it took a lot of time for Plaintiff's counsel's staff to sort through them. Nonetheless, the records were in Plaintiff's possession for more than a year. Even if Plaintiff were only able to go through one box of records per daym it would not have taken an entire year to do so. Simply stated, the evidence Plaintiff seeks to rely upon is not such "newly discovered evidence" entitling Plaintiff to reconsideration of the Court's September 28 and October 15, 2007 Orders

---

[1] There were no substantive changes made in the Amended Opinion and Order. The Court merely added two sentences to the Introduction section of the Opinion. [*See* Amended Opinion and Order, p. 3, lines 5-10.]

and Judgment.

[7/23/08 Memorandum Opinion and Order, p. 6-7 n. 2.]

On August 20, 2008, Plaintiff filed a Notice of Appeal, appealing to the Sixth Circuit Court of Appeals the entry of summary judgment in favor of Defendants and the denial of Plaintiff's motion for reconsideration. Then, on September 19, 2008, Plaintiff filed the instant Fed. R. Civ. P. 60(b) motion for relief from judgment predicated upon the same "newly discovered evidence" and the same arguments raised in his earlier motion for reconsideration.

## DISCUSSION

Fed. R. Civ. P. 60(b) provides for relief from a court order or judgment. In pertinent part, the Rule provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). . . .

In order to prevail on a Rule 60(b)(2) motion, the moving party must show that he exercised due diligence in obtaining the information, that the evidence is material and controlling, and that the information would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

As indicated, Plaintiff filed its Motion for Relief from Judgment in this matter on September 19, 2008. However, prior to filing this Motion, on August 20, 2008, Plaintiff

5

filed a Notice of Appeal to the Sixth Circuit Court of Appeals, appealing the same Opinions and Judgment underlying the instant Motion. Plaintiff's filing of the Notice of Appeal deprived this Court of jurisdiction to rule on its subsequent Rule 60(b) Motion. *See SEC v. Johnston*, 143 F.3d 260, 263 (6th Cir.1998) (holding that a district court does not retain jurisdiction to rule on a Rule 60(b) motion if a notice of appeal from the underlying order is filed before the court rules on the motion); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir.1993); *see also*, *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F .3d 377, 403 (6th Cir.2001).

Because Plaintiff filed a notice of appeal prior to filing its motion for Rule 60(b) relief, this Court has no jurisdiction to entertain the Motion. Moreover, while Plaintiff has not requested that the Court do so, the Court notes that it is not inclined to issue a discretionary order, pursuant to the procedure set forth in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976), stating it is disposed to grant the Rule 60(b) Motion.[2]

---

[2] Under that procedure set forth in *Hirsch*, the party seeking relief pursuant to Rule 60(b) must file the motion in the district court, and if the district court issues an order stating that it is disposed to grant the motion, the moving party may file a motion to remand in the court of appeals in order to allow the district court to rule on the motion. *See Hirsch* 535 F.3d at 346; *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir.2005) (discussing *Hirsch*).

## CONCLUSION

Because the Court is without jurisdiction to entertain the Motion during the pendency of Plaintiff's appeal, Plaintiff's Motion for Relief from Judgment **[Dkt. # 84]** is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager